FILED
FEB - 6 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT W. FRANGOOLES and BETTY LOU FRANGOOLES | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-93 T |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Robert W. Frangooles and Betty Lou Frangooles ("Plaintiffs" or the "Frangooleses") are citizens of the United States of America whose address is 330 Pilgrim Road, Tonawanda, New York 14150-8607.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1999)

5. The Frangooleses filed a timely joint federal income tax return for calendar year 1999 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-4078 and XXX-XX-0595.

6. Mr. Frangooles was a limited partner in Pump Station III Associates ("PSIII"), a California limited partnership.

7. PSIII dissolved and terminated.

8. On December 2, 2003, the Frangooleses filed with the IRS a claim in the amount of $2,895.00 for refund of tax due to the loss they realized on the termination of PSIII.

9. On February 4, 2004, the IRS disallowed that claim.

10. The Frangooleses asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984, 1985, and 1986 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the partnership

losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon final termination of the partnership interests.

E. Basis adjustment and loss recognized is $30,923.00

F. The 1999, 2000, and 2001 claims are the portion of the loss carryover that could not be used in prior years.

G. The increase in the basis in the partnership interests resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

11. Over six (6) months have elapsed since the Frangooleses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. The Frangooleses are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT TWO
(Calendar Year 2000)

13. The Frangooleses filed a timely joint federal income tax return for calendar year 2000 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-4078 and XXX-XX-0595.

14. Mr. Frangooles was a limited partner in PSIII.

15. PSIII dissolved and terminated.

16. On December 2, 2003, the Frangooleses filed with the IRS a claim in the amount of $874.00 for refund of tax due to the loss they realized on the termination of PSIII.

17. On February 4, 2004, the IRS disallowed that claim.

18. The Frangooleses asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984, 1985, and 1986 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon final termination of the partnership interests.

E. Basis adjustment and loss recognized is $30,923.00

F. The 1999, 2000, and 2001 claims are the portion of the loss carryover that could not be used in prior years.

G. The increase in the basis in the partnership interests resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

19. Over six (6) months have elapsed since the Frangooleses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

20. The Frangooleses are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT THREE
(Calendar Year 2001)

21. The Frangooleses filed a timely joint federal income tax return for calendar year 2001 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-4078 and XXX-XX-0595.

22. Mr. Frangooles was a limited partner in PSIII.

23. PSIII dissolved and terminated.

24. On December 2, 2003, the Frangooleses filed with the IRS a claim in the amount of $415.00 for refund of tax due to the loss they realized on the termination of PSIII.

25. On February 4, 2004, the IRS disallowed that claim.

26. The Frangooleses asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984, 1985, and 1986 losses.

C. As a direct consequence of the adjustments to the partnership items of the partnership there was a substantial basis in the Plaintiffs' partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the Plaintiffs' partnership interest, which is the basis of the claim for refund.

D. The IRS has agreed to allow a loss in the year the partnership terminated equal to the adjustment to the each partner's basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon final termination of the partnership interests.

E. Basis adjustment and loss recognized is $30,923.00

F. The 1999, 2000, and 2001 claims are the portion of the loss carryover that could not be used in prior years.

G. The increase in the basis in the partnership interests resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

27. Over six (6) months have elapsed since the Frangooleses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

28. The Frangooleses are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiffs Robert W. Frangooles and Betty Lou Frangooles pray for judgment against the Defendant the United States of America in the amount of $4,184.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Thomas E. Redding
Texas State Bar No. 16661300
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)